IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEURELIS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>LUPIN INC., LUPIN LTD., AND LUPIN PHARMACEUTICALS, INC.,<br><br>*Defendants*. | C.A. No. _____ |

# COMPLAINT

Plaintiff Neurelis, Inc. ("Neurelis"), by and through its attorneys, brings this action against Defendants Lupin Inc., Lupin Limited, and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent Nos. 12,521,400 (the "'400 patent") (the "Asserted Patent") under the patent laws of the United States, Title 35, United States Code, that arises out of Lupin's submission of Abbreviated New Drug Application ("ANDA") No. 220394 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell and/or import generic versions of VALTOCO® (diazepam nasal spray), prior to the expiration of the Asserted Patents.[1] Lupin's ANDA No. 220394 covers a diazepam nasal spray, 5 mg/spray, 7.5 mg/spray, and 10 mg/spray (the "Lupin ANDA Products").

---

[1] Four prior, related cases entitled *Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:24-cv-00562MN (the "Padagis I Action"), *Neurelis, Inc. v. Padagis LLC, et. al.,* C.A. No. 1:25-cv-00821MN (the "Padagis II Action"), *Neurelis, Inc. v. Padagis LLC,* C.A. No. 1:25-cv-01228MN (the "Padagis III Action"), and *Neurelis, Inc. v. Lupin Inc.,* C.A. No. 1:25-cv-01443MN (the "Lupin I Action") were filed in this Court on May 8, 2024, July 2, 2025, October 3, 2025, and November 26, 2025 respectively. On or about January 23, 2026, the Court consolidated the foregoing actions. *See* D.I.

# THE PARTIES

2. Neurelis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3430 Carmel Mountain Road, Suite 300, San Diego, California 92121.

3. On information and belief, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

4. On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at 3rd Floor, Kalpataru Inspire, Off Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

5. On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at Harborplace Tower, 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

6. On information and belief, Lupin Pharmaceuticals, Inc. is a wholly-owned subsidiary of Lupin Limited.

7. On information and belief, Lupin Limited directs the operations, management, and activities of Lupin Pharmaceuticals, Inc. in the United States.

8. On information and belief, Lupin Inc., Lupin Limited, and Lupin Pharmaceuticals, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with

---

111 in Padagis I Action. Those infringement claims remain pending against Padagis and Lupin respectively and are not repeated herein. Pursuant to L.R. 3.1, the Civil Cover Sheet accompanying this Complaint indicates that the Padagis I, II, and III, and Lupin I Actions are Related Actions. Neurelis submits that this matter is appropriate for consolidation with the other Padagis and Lupin actions.

respect to development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Lupin's ANDA Products.

9. On information and belief, Lupin participated in, assisted, and cooperated in the acts complained of herein, and acted in concert to prepare and submit ANDA No. 220394 ("the Lupin ANDA") to the FDA for the manufacture, importation, marketing, and sale of the drug that is the subject of the Lupin ANDA if it is approved.

## JURISDICTION

10. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201, and 2202.

11. This Court has personal jurisdiction over Lupin Inc. because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Lupin Inc is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Lupin Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

12. This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and

belief, Lupin Pharmaceuticals, Inc. is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Lupin Pharmaceuticals, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

13. Lupin Limited is subject to personal jurisdiction in Delaware because, among other things, Lupin Limited, itself and through its affiliate Lupin Pharmaceuticals, Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hailed into court here. On information and belief Lupin Limited, itself and through its affiliate Lupin Pharmaceuticals, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the state of Delaware, and/or has engaged in systemic and continuous business contacts within the State of Delaware.

14. Lupin Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Neurocrine Biosciences, Inc.*, v. *Lupin Limited et al.*, C.A. No. 1:22-cv-01061-MN, D.I. 6 at 5, (Sep. 9, 2022). This Court has personal jurisdiction over Lupin Inc. because Lupin Inc. previously submitted to the jurisdiction of this Court. *See, e.g., Galderma Laboratories L.P. et al*

*v. Lupin Inc. et al.*, C.A. No. 1:21-cv-0710-SB, D.I. 10 at 12, (Feb. 7, 2022). Further, Lupin Limited availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id*., D.I. 10 at 12-19 (Counterclaims).

15. Lupin Limited has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Vertex Pharmaceuticals, Inc.*, *v. Lupin Limited*., C.A. No. 1:25-cv-00450-RGA, D.I. 9 at 32, Counterclaims ¶ 37 (May 2, 2025). This Court has personal jurisdiction over Lupin Limited because Lupin Limited previously submitted to the jurisdiction of this Court. *See id*., D.I. 9 at 7, Answer to ¶¶ 23-24 (May 2, 2025). Further, Lupin Limited availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id*., D.I. 9 at 34-36 (Counterclaims).

16. Furthermore, Lupin Limited has purposefully availed itself of the laws of the United States and jurisdiction of this Court with regard to Neurelis, Inc. and the subject matter of this and the related Actions. Specifically, Lupin Limited has made several demands on Neurelis, Inc. (a Delaware Corporation) under the CREATES Act (Consolidated Appropriations Act of 2020, Pub. L. No. 116-94) for the delivery of VALTOCO® (diazepam nasal spray) samples – the very same product that is the subject of the Lupin ANDA. In connection therewith, Lupin Limited has engaged outside regulatory counsel (Hyman, Phelps & McNamara), who has threatened to bring legal action against Neurelis if it does not comply with Lupin Limited's demands. Having purposefully and intentionally availed itself of U.S. law and threatened a Delaware Corporation

with legal action concerning the same subject as this and other co-pending litigation, Lupin Limited subjects itself to this Court's jurisdiction.

17. Lupin Pharmaceuticals, Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Vertex Pharmaceuticals, Inc.*, v. *Lupin Limited*., C.A. No. 1:25-cv-00450-RGA, D.I. 9 at 32, Counterclaims ¶ 37 (May 2, 2025). This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because Lupin Pharmaceuticals, Inc. previously submitted to the jurisdiction of this Court. *See id*., D.I. 9 at 7, Answer to ¶¶ 23-24 (May 2, 2025). Further, Lupin Pharmaceuticals, Inc. availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id*., D.I. 9 at 34-36 (Counterclaims).

18. Alternatively, if Lupin Limited's connections with Delaware, including its connection with Lupin Pharmaceuticals, Inc., are found to be insufficient to confer personal jurisdiction then, on information and belief, exercising jurisdiction over Lupin Limited is proper because: (a) Plaintiff's claims arise under federal law; (b) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Limited has sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Limited satisfies due process. Federal Rule of Civil Procedure 4(k)(2).

## VENUE

19. Venue is proper in this district as to Lupin Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

20. Venue is proper in this district as to Lupin Pharmaceuticals, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

21. Venue is proper in this district as to Lupin Limited because, *inter alia*, Lupin Limited is a company organized and existing under the laws of India, and as a nonresident Defendant, may be sued in this judicial district pursuant to 28 U.S.C. § 1391(c)(3). Lupin Limited has also threatened litigation arising out of its ANDA products against Neurelis, a Delaware Corporation.

22. Further, Lupin has not contested venue in this district before this Court in the previous Related Action. *See, supra* n. 1 (Padagis II Action).

## VALTOCO® AND THE PATENT-IN-SUIT

23. Neurelis was founded in 2007 to develop, license, and commercialize novel drug product candidates that target the broader central nervous system ("CNS") with application in the fields of epilepsy and psychiatry.

24. Neurelis holds approved New Drug Application ("NDA") No. N211635, pursuant to which the FDA granted approval for the commercial manufacture, marketing, sale, and use of VALTOCO (diazepam nasal spray) (5 mg, 7.5 mg, or 10 mg of diazepam per 0.1 ml). VALTOCO is a prescription nasal spray rescue medicine used in the treatment of specific seizure activity in patients with epilepsy 2 years of age and older. Specifically, VALTOCO is indicated for the short-

term treatment of "seizure clusters," or intermittent, stereotypic episodes of frequent seizure activity (*i.e.*, acute repetitive seizures) that are distinct from a patient's usual seizure pattern.

25. Neurelis is the owner of the '400 patent, titled "Administration of Benzodiazepine Compositions." The '400 patent was duly and legally issued on January 13, 2026. The '400 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '400 patent is attached hereto as Exhibit A.

26. The '400 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, and one or more alcohols in a pharmaceutically acceptable spray formation for intranasal administration.

27. Pursuant to 21 U.S.C. § 355(b)(1), Neurelis previously submitted information concerning the '400 patent to the FDA in connection with NDA No. N211635, identifying each as a patent covering VALTOCO. The '400 patent has been listed (along with other patents) in the FDA publication "Approved Drug Products with Therapeutic Equivalents Evaluations" (commonly known as the "Orange Book") as covering VALTOCO.

28. The Orange Book lists the expiration date for the '400 patent as March 27, 2029.

### LUPIN'S ANDA NO. 220394 AND NOTICE LETTERS

29. Lupin first notified Neurelis by letter dated May 27, 2024 (the "First Lupin Notice Letter") that it had submitted ANDA No. 220394 (the "Lupin ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO (diazepam nasal spray), 5 mg/spray, 7.5 mg/spray, and 10 mg diazepam/spray (the "Lupin ANDA Products") prior to the expiration of the '546, '414, '786, and '664 patents. The First Lupin Notice Letter informed Neurelis that Lupin's ANDA contained a "Paragraph IV Certification" alleging that the

claims of the '546, '414, '786, and '664 patents are invalid, not enforceable, and/or not infringed by the Lupin ANDA Products.

30. The First Lupin Notice Letter was sent on behalf of Lupin Inc., executed by Deepro Mukerjee, and provided Deepro Mukerjee as an agent authorized to accept service of process.

31. In response to the First Lupin Notice Letter, Neurelis commenced the Padagis II Action within forty-five (45) days of Neurelis's receipt of the First Lupin Notice Letter. Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

32. Lupin notified Neurelis by letter dated October 17, 2025 (the "Second Lupin Notice Letter") that it had submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use or sell the Lupin ANDA Products prior to the expiration of the '852 and '061 patents. The Second Lupin Notice Letter informed Neurelis that Lupin's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '852 and '061 patents are invalid, not enforceable, and/or not infringed by the Lupin ANDA Products.

33. The Second Lupin Notice Letter was sent on behalf of Lupin Inc., executed by Deepro Mukerjee, and provided Deepro Mukerjee as an agent authorized to accept service of process.

34. In response to the Second Lupin Notice Letter, Neurelis commenced the Lupin I Action within forty-five (45) days of Neurelis's receipt of the Second Lupin Notice Letter. Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

35. Lupin notified Neurelis by letter dated February 4, 2026 (the "Third Lupin Notice Letter") that it had submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) seeking

approval to manufacture, use or sell the Lupin ANDA Products prior to the expiration of the '400 patent. The Third Lupin Notice Letter informed Neurelis that Lupin's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '400 patent are invalid, not enforceable, and/or not infringed by the Lupin ANDA Products.

36. The Third Lupin Notice Letter was sent on behalf of Lupin Inc., executed by Deepro Mukerjee, and provided Deepro Mukerjee as an agent authorized to accept service of process.

37. On information and belief, Lupin's ANDA has not yet been approved by the FDA.

## COUNT I
## INFRINGEMENT OF THE '400 PATENT

38. Neurelis re-alleges paragraphs 1-37 as if fully set forth herein.

39. Lupin submitted the Lupin ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Lupin's ANDA Products prior to the expiration of the '400 patent. By submitting the Lupin ANDA, Lupin has infringed claims 1-21 of the '400 patent under 35 U.S.C. § 271(e)(2)(A).

40. Claim 1 of the '400 patent provides:

> 1. A pharmaceutical composition for intranasal administration comprising:
>
>> about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, wherein the pharmaceutical composition is a solution of 50 μL to 150 μL, and wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation for intranasal administration.

41. By reason of the Third Lupin Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Lupin's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '400 patent. More specifically, Lupin's ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 1 of the '400 patent and/or their equivalents.

42. On information and belief, immediately upon the FDA's approval of ANDA No. 220394, Lupin intends to, and will, manufacture, use, sell and/or offer to sell the Lupin ANDA Products throughout the United States, and any such commercial activities will directly infringe the '400 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '400 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '400 patent under 35 U.S.C. § 271(c).

43. On information and belief, Lupin has acted with full knowledge of the '400 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '400 patent. Notwithstanding this knowledge, Lupin has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Lupin's ANDA Products immediately and imminently upon approval of the Lupin ANDA. Through such activities, Lupin specifically intends infringement of the '400 patent.

44. As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Defendants' infringement of the '400 patent is not enjoined. Neurelis does not have an adequate remedy at law.

45. As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the

Defendants' ANDAs be a date which is not earlier than the expiration date of the '400 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## PRAYER FOR RELIEF

WHEREFORE, Neurelis requests the following relief:

(a)     A judgment that the '400 patent has been infringed by Lupin under 35 U.S.C. § 271(e)(2)(A) by submitting the Lupin ANDA;

(b)     A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products will infringe the '400 patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c)     A permanent injunction enjoining Lupin, and all persons acting in concert with Lupin, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products prior to the expiration of the '400 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     If Lupin commercially makes, uses, sells, or offers to sell the Lupin ANDA Products within the United States, or imports the Lupin ANDA Products into the United States, prior to the expiration of the '400 patent, including any extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

(e)     A judgment ordering that the effective date of the approval of the Lupin ANDA be a date which is not earlier than the expiration date of the '400 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(f)     Costs and expenses against Defendants in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

Date: March 11, 2026

OF COUNSEL:

Michael Sitzman (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
msitzman@mcdermottlaw.com

Timothy P. Best (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 551-9321
tbest@mcdermottlaw.com

Connor S. Romm (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Tel: (617) 535-5977
cromm@mcdermottlaw.com

Hannah Hurley (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
Tel: (650) 815-7527
hhurley@mcdermottlaw.com

*/s/ Ethan H. Townsend*
Ethan H. Townsend (#5813)
**MCDERMOTT WILL & SCHULTE LLP**
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mcdermottlaw.com

*Attorneys for Plaintiff Neurelis, Inc.*